## CARL MONCRIEF v. STATE.

No. A-8324. May 14, 1932.
(11 Pac. [2d] 538.)

Wilkinson & Wilkinson, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Stephens county of the unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $150 and imprisonment in the county jail for a period of 30 days.

The evidence of the state was that the officers had a search warrant, and on searching the premises of the defendant found 11 gallons of whisky, a 75-gallon still, a lot of barrels, some mash, and a one-arm Johnny pump; that the still and everything was connected up and ready for use; that a dim road led from the defendant's house to a plum thicket about a quarter of a mile away and ended at the still; that no trail led from any other house in the vicinity to the still; that defendant had a truck; that a search of defendant's house led to the finding of a five-gallon jug with a small amount of whisky in it and some jars.

Defendant, testifying for himself, claimed to have leased part of the premises to other parties, but produced no witness to support this claim. His story of his whereabouts prior to, and at the time of, the raid and afterward is vague and unsatisfactory.

Defendant first contends that the evidence is insufficient to support the verdict of the jury. There is no merit in this contention.

Defendant next contends that the county attorney was guilty of misconduct in the cross-examination of defendant. The following questions and answers appear in the record:

310

"Q. Have you ever been convicted of stealing cattle in this county? A. No; I had a case here. * * * Q. Charged with stealing cattle and convicted? A. No. Mr. Wilkinson: Defendant moves that the question and answer be stricken from the record and that the jury be instructed not to consider the question of the county attorney and the answer. By the Court: Overruled. By Mr. Wilkinson: Exceptions. Q. You said you had a case here for cow stealing, didn't you? Mr. Wilkinson: Object to that as incompetent, irrelevant and immaterial. (No ruling.) A. Yes. Q. Where did you deliver them? By Mr. Wilkinson: That is the third repetition of that question."

In his direct examination, defendant had testified that he was absent from home on the day the raid was made, delivering some cattle in Oklahoma City. He was uncertain as to whether this was the 30th day of June, or the 1st, 2nd, 3rd or 4th of July. Defendant produced no witness to corroborate his statement that he was delivering cattle for Bud Farris. Defendant testified that he arrived in Oklahoma City at about 3 o'clock a. m. with the cattle, but was vague and uncertain as to where he took the cattle, who bought them, or the circumstances surrounding the same.

This cross-examination was directed to trying to ascertain how defendant came to be in possession of the cattle, and if they were not the same cattle he was charged with stealing. While the cross-examination went too far and was improper as to some of the questions, yet, in the light of the whole record, we cannot say that it is such an error as requires a reversal of the case.

Defendant next contends that the court erred in commenting on the weight of the evidence in the presence of the jury.

Defendant was contending that he was not in possession of the premises where the still was found, having subrented them on a crop share basis. The record is as follows:

"Q. If they were making a share crop for you, who had charge of the premises? A. They did over their part. Q. You had possession of your part? A. Yes, sir. Q. That was half of it, wasn't it? By Mr. Wilkinson: If the Court please, that is a question of law. He has said he had no control over this part where the still was. By the Court: A man who is making a share crop has no control over the land. By Mr. Wilkinson: We object to the statement of the Court in the presence of the jury."

The defendant, by contending the question was one of law, opened the way for the court to dispose of the same by ruling thereon, and is not now in a position to contend that this was a comment on the weight of the evidence. Rather, it appears from the record that the court was trying to pass on the question of law raised by defendant's counsel.

The cause is affirmed.

EDWARDS, J., concurs.